Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
JORGE MORALES, TORIBIO DE LA CRUZ MEJIA, FREDDY
GOMEZ CASTRO, CHRISTIAN LUGO VIERA, MARCOS
GONZALEZ MARTINEZ, JORGE ALBERTO LINARES
FIGUEROA, ROLANDO GARCIA, and RAMON ANTONIO
CONSTANZA ESTEVEZ, individually and on behalf of all others
similarly situated,

                                            Plaintiffs,

        -against-

TREMONT CAR WASH AND LUBE LLC, K & P CW INC.,
and JOHN LAGE, MICHAEL LAGE, ALBINO COELHO,
EDDIE PARK, and JI H. KIM, as individuals,

                                        Defendants.
-----------------------------------------------------------------------X

**COLLECTIVE/CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiffs, **JORGE MORALES, TORIBIO DE LA CRUZ MEJIA, FREDDY GOMEZ CASTRO, CHRISTIAN LUGO VIERA, MARCOS GONZALEZ MARTINEZ, JORGE ALBERTO LINARES FIGUEROA, ROLANDO GARCIA, and RAMON ANTONIO CONSTANZA ESTEVEZ, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs, **JORGE MORALES, TORIBIO DE LA CRUZ MEJIA, FREDDY GOMEZ CASTRO, CHRISTIAN LUGO VIERA, MARCOS GONZALEZ MARTINEZ, JORGE ALBERTO LINARES FIGUEROA, ROLANDO GARCIA, and RAMON ANTONIO CONSTANZA ESTEVEZ, individually and on behalf of**

1

**all others similarly situated**, through undersigned counsel, bring this action against **TREMONT CAR WASH AND LUBE LLC, K & P CW INC., JOHN LAGE, MICHAEL LAGE, ALBINO COELHO, EDDIE PARK, and JI H. KIM, as an individual**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at TREMONT CAR WASH AND LUBE LLC and K & P CW INC., located at 1095 East Tremont Avenue, Bronx, New York 10460.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

### PLAINTIFFS

8. Plaintiff JORGE MORALES residing at 43-60 Furman Avenue, Bronx, New York 10466, was employed from in or around November 2011 until in or around October 2016 by Defendants at K & P CW INC., and TREMONT CAR WASH AND LUBE LLC, located at 1095 East Tremont Avenue, Bronx, New York 10460.

9. Plaintiff TORIBIO DE LA CRUZ MEJIA residing at East 163rd Street, Prospect Avenue, Bronx, New York 10459, was employed from in or around April 2016 until

the present by Defendants at K & P CW INC., and TREMONT CAR WASH AND LUBE LLC, located at 1095 East Tremont Avenue, Bronx, New York 10460.

10. Plaintiff FREDDY GOMEZ CASTRO residing at 707 East 187th Street, Bronx, New York 10458, was employed from in or around February 2016 until in or around July 2019 by Defendants at K & P CW INC., and TREMONT CAR WASH AND LUBE LLC, located at 1095 East Tremont Avenue, Bronx, New York 10460.

11. Plaintiff CHRISTIAN LUGO VIERA residing at 1167 Colgate Avenue, Bronx, New York 10472, was employed from in or around August 2015 until the present by Defendants at K & P CW INC., and TREMONT CAR WASH AND LUBE LLC, located at 1095 East Tremont Avenue, Bronx, New York 10460.

12. Plaintiff MARCOS GONZALEZ MARTINEZ residing at 711 East 230th Street, Bronx, New York 10466, was employed from in or around October 2016 until in or around April 2018 by Defendants at K & P CW INC., and TREMONT CAR WASH AND LUBE LLC, located at 1095 East Tremont Avenue, Bronx, New York 10460.

13. Plaintiff JORGE ALBERTO LINARES FIGUEROA residing at 1264 Croes Avenue, Bronx, New York 10472, was employed from in or around August 2013 until in or around February 2018 by Defendants at K & P CW INC., and TREMONT CAR WASH AND LUBE LLC, located at 1095 East Tremont Avenue, Bronx, New York 10460.

14. Plaintiff ROLANDO GARCIA residing at 1185 Lebanon Street, Bronx, New York 10460, was employed from in or around April 2016 until in or around November 2016 by Defendants at K & P CW INC., and TREMONT CAR WASH AND LUBE LLC, located at 1095 East Tremont Avenue, Bronx, New York 10460.

15. Plaintiff RAMON ANTONIO CONSTANZA ESTEVEZ residing at 640 Morris Park, Bronx, New York 10462, was employed from in or around December 2017 until in or around September 2019 by Defendants at K & P CW INC., and TREMONT CAR WASH AND LUBE LLC, located at 1095 East Tremont Avenue, Bronx, New York 10460.

## **DEFENDANTS**

16. Defendants JOHN LAGE, MICHAEL LAGE, and ALBINO COELHO are hereinafter collectively referred to as the "Tremont Defendants."

17. Defendant, TREMONT CAR WASH AND LUBE LLC is a corporation organized under the laws of New York.

18. Defendant, TREMONT CAR WASH AND LUBE LLC is a corporation authorized to do business under the laws of New York.

19. Upon information and belief, Defendant, TREMONT CAR WASH AND LUBE LLC is a corporation organized under the laws of New York with a principal executive office at 1095 East Tremont Avenue, Bronx, New York 10460.

20. Plaintiffs were all employed by TREMONT CAR WASH AND LUBE LLC from in or around 2017 until in or around the present.

21. Plaintiffs were all employed by TREMONT CAR WASH AND LUBE LLC and K & P CW INC. as joint employers from in or around 2017 until in or around 2018.

22. Defendant JOHN LAGE owns and operates TREMONT CAR WASH AND LUBE LLC,

23. Upon information and belief, Defendant JOHN LAGE is the Chief Executive Officer of TREMONT CAR WASH AND LUBE LLC,

24. Upon information and belief, Defendant JOHN LAGE is an agent of TREMONT CAR WASH AND LUBE LLC,

25. Upon information and belief, Defendant JOHN LAGE has power over personnel decisions at TREMONT CAR WASH AND LUBE LLC,

26. Upon information and belief, Defendant JOHN LAGE has power over payroll decisions at TREMONT CAR WASH AND LUBE LLC,

27. Defendant JOHN LAGE has the power to hire and fire employees, including the Plaintiffs, at TREMONT CAR WASH AND LUBE LLC.

28. During all relevant times herein, Defendant JOHN LAGE was Plaintiffs' employer within the meaning of the FLSA and NYLL.

29. Defendant MICHAEL LAGE owns and operates TREMONT CAR WASH AND LUBE LLC,

30. Upon information and belief, Defendant MICHAEL LAGE is an agent of TREMONT CAR WASH AND LUBE LLC,

31. Upon information and belief, Defendant MICHAEL LAGE has power over personnel decisions at TREMONT CAR WASH AND LUBE LLC,

32. Upon information and belief, Defendant MICHAEL LAGE has power over payroll decisions at TREMONT CAR WASH AND LUBE LLC,

33. Defendant MICHAEL LAGE has the power to hire and fire employees, including the Plaintiffs, at TREMONT CAR WASH AND LUBE LLC.

34. During all relevant times herein, Defendant MICHAEL LAGE was Plaintiffs' employer within the meaning of the FLSA and NYLL.

35. Defendant ALBINO COELHO operates TREMONT CAR WASH AND LUBE LLC,

36. Upon information and belief, Defendant ALBINO COELHO is an agent of TREMONT CAR WASH AND LUBE LLC,

37. Upon information and belief, Defendant ALBINO COELHO has power over personnel decisions at TREMONT CAR WASH AND LUBE LLC,

38. Defendant ALBINO COELHO has the power to hire and fire employees, including the Plaintiffs, at TREMONT CAR WASH AND LUBE LLC, establish and pay their wages, set their work schedule, and maintain their employment records.

39. During all relevant times herein, Defendant ALBINO COELHO was Plaintiffs' employer within the meaning of the FLSA and NYLL.

40. Defendant, K & P CW INC. is a corporation organized under the laws of New York.

41. Defendant, K & P CW INC. is a corporation authorized to do business under the laws of New York.

42. Upon information and belief, Defendant, K & P CW INC. is a corporation organized under the laws of New York with a principal executive office at 1095 East Tremont Avenue, Bronx, New York 10460.

43. Defendants EDDIE PARK and JI H. KIM are hereinafter collectively referred to as "K & P Defendants".

44. Defendant EDDIE PARK managed K & P CW INC. and supervised the Plaintiffs in their day to day duties at K & P CW INC.

45. Upon information and belief, Defendant EDDIE PARK was an agent of K & P CW INC.

46. Upon information and belief, Defendant EDDIE PARK had power over personnel decisions at K & P CW INC.

47. Defendant EDDIE PARK had the power to hire and fire employees, including the Plaintiffs, at K & P CW INC., establish and pay their wages, set their work schedule, and maintain their employment records.

48. Defendant EDDIE PARK was Plaintiffs' employer within the meaning of the FLSA and NYLL.

49. Defendant JI H. KIM owns and operates K & P CW INC.

50. Upon information and belief, Defendant JI H. KIM was the Chief Executive Officer of K & P CW INC. from in or around 2017 until in or around 2018.

51. Upon information and belief, Defendant JI H. KIM was an agent of K & P CW INC. from in or around 2017 until in or around 2018.

52. Upon information and belief, Defendant JI H. KIM had power over personnel decisions at K & P CW INC. from in or around 2017 until in or around 2018.

53. Upon information and belief, Defendant JI H. KIM had power over payroll decisions at K & P CW INC. from in or around 2017 until in or around 2018.

54. Defendant JI H. KIM had the power to hire and fire employees, including the Plaintiffs, at K & P CW INC., establish and pay their wages, set their work schedule, and maintain their employment records from in or around 2017 until in or around 2018.

55. From in or around 2017 until in or around 2018, Defendant JI H. KIM was Plaintiffs' employer within the meaning of the FLSA and NYLL.

56. Defendants K & P CW INC. and TREMONT CAR WASH AND LUBE LLC, are hereinafter collectively referred to as the "Corporate Defendants."

57. Upon information and belief, the Corporate Defendants shared the same pay practices to pay employees, including the Plaintiffs.

58. Plaintiffs received payment from each of the Corporate Defendants during their employment by Defendants.

59. Plaintiffs were employed by K & P CW INC. from in or around November 2013 until in or around 2017.

60. Plaintiffs were then employed jointly by K & P CW INC. and TREMONT CAR WASH AND LUBE LLC from in or around 2017 until in or around 2018.

61. Following their employment by the Corporate Defendants, Plaintiffs were then solely employed by TREMONT CAR WASH AND LUBE LLC.

62. On information and belief, the Corporate Defendants, at present and have been at all times relevant to the allegation in the complaint, enterprises engaged in interstate commerce within the meaning of the FLSA in that the entity (i) have had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) have had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

### JORGE MORALES

63. Plaintiff JORGE MORALES was employed from in or around November 2011 until in or around October 2019 by the Corporate Defendants.

64. During Plaintiff JORGE MORALES's employment by Defendants, Plaintiff's primary duties were as a car washer while performing other miscellaneous duties from in or around November 2011 until in or around October 2019.

65. Plaintiff JORGE MORALES was paid by Defendants approximately $6.50 per hour from in or around February 2014 until in or around March 2014, approximately $6.95 per hour from in or around March 2014 until in or around December 2016, approximately $8.45 per hour from in or around January 2017 until in or around June 2017, approximately $9.35 per hour from in or around July 2017 until in or around December 2017, approximately $11.05 in or around 2018, approximately $12.75 per hour from in or around December 2018 until in or around March 2019, and approximately $12.75 from in or around April 2019 until the present.

66. Defendants failed to pay Plaintiff JORGE MORALES the legally prescribed minimum wage for his hours worked from in or around February 2014 until in or around October 2019, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

67. Plaintiff JORGE MORALES was not paid for approximately five to ten (5-10) hours worked per week at his regular rate of pay.

68. Furthermore, Plaintiff JORGE MORALES worked approximately twelve (12) or more hours per day, six (6) days a week from in or around February 2014 until in or around October 2019, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

69. Plaintiff worked approximately seventy-two (72) hours or more per week during his employment by Defendants from in or around February 2014 until in or around October 2019.

70. Although Plaintiff JORGE MORALES worked approximately seventy-two (72) hours or more per week during his employment by Defendants from in or around November 2011 until in or around October 2019, Defendants did not pay Plaintiff at all for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

**TORIBIO DE LA CRUZ MEJIA**

71. Plaintiff TORIBIO DE LA CRUZ MEJIA was employed from in or around April 2016 until the present by the Corporate Defendants.

72. During Plaintiff TORIBIO DE LA CRUZ MEJIA'S employment by Defendants, Plaintiff's primary duties were as a car washer and dryer, while performing other miscellaneous duties from in or around April 2016 until the present.

73. Plaintiff TORIBIO DE LA CRUZ MEJIA was paid by Defendants approximately $6.95 per hour from in or around November 2016 until in or around December 2016, approximately $8.45 per hour from in or around January 2017 until in or around June 2017, approximately $11.05 per hour from in or around July 2017 until in or around December 2018, and approximately $12.75 from in or around January 2019 until the present.

74. Defendants failed to pay Plaintiff TORIBIO DE LA CRUZ MEJIA the legally prescribed minimum wage for his hours worked from in or around November 2016

until the present, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

75. Plaintiff TORIBIO DE LA CRUZ MEJIA was not paid for approximately five to ten (5-10) hours worked per week at his regular rate of pay.

76. Furthermore, Plaintiff TORIBIO DE LA CRUZ MEJIA worked approximately twelve (12) or more hours per day, six (6) days a week from in or around November 2016 until the present, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

77. Plaintiff TORIBIO DE LA CRUZ MEJIA worked approximately seventy-two (72) hours or more per week during his employment by Defendants from in or around November 2016 until the present.

78. Although Plaintiff TORIBIO DE LA CRUZ MEJIA worked approximately seventy-two (72) hours or more per week during his employment by Defendants from in or around November 2016 until the present, Defendants did not pay Plaintiff at all for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

**FREDDY GOMEZ CASTRO**

79. Plaintiff FREDDY GOMEZ CASTRO was employed from in or around February 2016 until in or around July 2019 by the Corporate Defendants.

80. During Plaintiff FREDDY GOMEZ CASTRO's employment by Defendants, Plaintiff's primary duties were as a ticket man, and car washer and dryer, while performing other miscellaneous duties from in or around February 2016 until in or around July 2019.

81. Plaintiff FREDDY GOMEZ CASTRO was paid by Defendants approximately $6.95 per hour in or around 2016, approximately $8.45 per hour in or around 2017, approximately $11.55 per hour in or around 2018, and approximately $12.75 from in or around January 2019 until in or around July 2019.

82. Defendants failed to pay Plaintiff FREDDY GOMEZ CASTRO the legally prescribed minimum wage for his hours worked from in or around November 2016 until in or around July 2019, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

83. Plaintiff FREDDY GOMEZ CASTRO was not paid for approximately five to ten (5-10) hours worked per week at his regular rate of pay.

84. Furthermore, Plaintiff FREDDY GOMEZ CASTRO worked approximately twelve (12) or more hours per day, six (6) days a week from in or around November 2016 until in or around July 2019, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

85. Plaintiff FREDDY GOMEZ CASTRO worked approximately seventy-two (72) hours or more per week during his employment by Defendants from in or around November 2016 until in or around July 2019.

86. Although Plaintiff FREDDY GOMEZ CASTRO worked approximately seventy-two (72) hours or more per week during his employment by Defendants from in or around November 2016 until in or around July 2019, Defendants did not pay Plaintiff at all for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

**CHRISTIAN LUGO VIERA**

87. Plaintiff CHRISTIAN LUGO VIERA was employed from in or around August 2016 until the present by the Corporate Defendants.

88. During Plaintiff CHRISTIAN LUGO VIERA's employment by Defendants, Plaintiff's primary duties were as a car washer and dryer, while performing other miscellaneous duties from in or around August 2016 until the present.

89. Plaintiff CHRISTIAN LUGO VIERA was paid by Defendants approximately $6.95 per hour in or around 2016, approximately $8.45 per hour from in or around January 2017 until in or around July 2017, approximately $9.35 per hour from in or around August 2017 until in or around December 2017, approximately $11.05 per hour in or

around 2018, and approximately $12.75 from in or around January 2019 until the present.

90. Defendants failed to pay Plaintiff CHRISTIAN LUGO VIERA the legally prescribed minimum wage for his hours worked from in or around November 2016 until the present, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

91. Plaintiff CHRISTIAN LUGO VIERA was not paid for approximately five to ten (5-10) hours worked per week at his regular rate of pay.

92. Furthermore, Plaintiff CHRISTIAN LUGO VIERA worked approximately twelve (12) or more hours per day, six (6) days a week from in or around November 2016 until the present, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

93. Plaintiff CHRISTIAN LUGO VIERA worked approximately seventy-two (72) hours or more per week during his employment by Defendants from in or around November 2016 until the present.

94. Although Plaintiff CHRISTIAN LUGO VIERA worked approximately seventy-two (72) hours or more per week during his employment by Defendants from in or around November 2016 until the present, Defendants did not pay Plaintiff at all for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

**MARCOS GONZALEZ MARTINEZ**

95. Plaintiff MARCOS GONZALEZ MARTINEZ was employed from in or around October 2016 until in or around April 2018 by the Corporate Defendants.

96. During Plaintiff MARCOS GONZALEZ MARTINEZ's employment by Defendants, Plaintiff's primary duties were as a car washer and dryer, while performing other miscellaneous duties from in or around October 2016 until in or around April 2018.

97. Plaintiff MARCOS GONZALEZ MARTINEZ was paid by Defendants approximately $8.45 per hour from in or around November 2016 until in or around October 2017,

approximately $9.35 per hour from in or around November 2017 until in or around February 2018, and approximately $11.05 per hour from in or around March 2018 until in or around April 2018.

98. Defendants failed to pay Plaintiff MARCOS GONZALEZ MARTINEZ the legally prescribed minimum wage for his hours worked from in or around November 2016 until in or around April 2018, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

99. Plaintiff MARCOS GONZALEZ MARTINEZ was not paid for approximately five to ten (5-10) hours worked per week at his regular rate of pay.

100. Furthermore, Plaintiff MARCOS GONZALEZ MARTINEZ worked approximately twelve (12) or more hours per day, five (5) days a week from in or around November 2016 until in or around April 2018, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

101. Plaintiff MARCOS GONZALEZ MARTINEZ worked approximately sixty (60) hours or more per week during his employment by Defendants from in or around November 2016 until in or around April 2018.

102. Although Plaintiff MARCOS GONZALEZ MARTINEZ worked approximately sixty (60) hours or more per week during his employment by Defendants from in or around November 2016 until in or around April 2018, Defendants did not pay Plaintiff at all for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

## JORGE ALBERTO LINARES FIGUEROA

103. Plaintiff JORGE ALBERTO LINARES FIGUEROA was employed from in or around August 2013 until in or around February 2018 by the Corporate Defendants.

104. During Plaintiff JORGE ALBERTO LINARES FIGUEROA's employment by Defendants, Plaintiff's primary duties were as a car washer and dryer, while

performing other miscellaneous duties from in or around August 2013 until in or around February 2018.

105.  Plaintiff JORGE ALBERTO LINARES FIGUEROA was not employed by the Defendants from in or around 2015 until in or around December 2016.

106.  Plaintiff JORGE ALBERTO LINARES FIGUEROA was paid by Defendants approximately $6.95 per hour from in or around February 2014 until in or around December 2014, and approximately $11.05 per hour from in or around January 2017 until in or around February 2018.

107.  Defendants failed to pay Plaintiff JORGE ALBERTO LINARES FIGUEROA the legally prescribed minimum wage for his hours worked from in or around February 2014 until February 2018, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

108.  Plaintiff JORGE ALBERTO LINARES FIGUEROA was not paid for approximately five to ten (5-10) hours worked per week at his regular rate of pay.

109.  Furthermore, Plaintiff JORGE ALBERTO LINARES FIGUEROA worked approximately twelve (12) or more hours per day, six (6) days a week from in or around January 2017 until in or around February 2018, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

110.  Plaintiff JORGE ALBERTO LINARES FIGUEROA worked approximately seventy-two (72) hours or more per week during his employment by Defendants from in or around February 2014 until February 2018.

111.  Although Plaintiff JORGE ALBERTO LINARES FIGUEROA worked approximately seventy-two (72) hours or more per week during his employment by Defendants from in or around February 2014 until February 2018, Defendants did not pay Plaintiff at all for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

**ROLANDO GARCIA**

112.   Plaintiff ROLANDO GARCIA was employed from in or around April 2016 until in or around November 2016 by the Corporate Defendants.

113.   During Plaintiff ROLANDO GARCIA's employment by Defendants, Plaintiff's primary duties were as a car washer and dryer, while performing other miscellaneous duties from in or around April 2016 until in or around November 2016.

114.   Plaintiff ROLANDO GARCIA was paid by Defendants approximately $6.95 per hour from in or around April 2016 until in or around November 2016.

115.   Defendants failed to pay Plaintiff ROLANDO GARCIA the legally prescribed minimum wage for his hours worked from in or around April 2016 until in or around November 2016, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

116.   Plaintiff ROLANDO GARCIA was not paid for approximately five to ten (5-10) hours worked per week at his regular rate of pay.

117.   Furthermore, Plaintiff ROLANDO GARCIA worked approximately twelve (12) or more hours per day, six (6) days a week from in or around April 2016 until in or around November 2016, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

118.   Plaintiff ROLANDO GARCIA worked approximately seventy-two (72) hours or more per week during his employment by Defendants from in or around April 2016 until in or around November 2016.

119.   Although Plaintiff ROLANDO GARCIA worked approximately seventy-two (72) hours or more per week during his employment by Defendants from in or around April 2016 until in or around November 2016, Defendants did not pay Plaintiff at all for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

**RAMON ANTONIO CONSTANZA ESTEVEZ**

120.   Plaintiff RAMON ANTONIO CONSTANZA ESTEVEZ was employed from in or around December 2017 until in or around September 2019 by the Corporate Defendants.

121.    During Plaintiff RAMON ANTONIO CONSTANZA ESTEVEZ's employment by Defendants, Plaintiff's primary duties were as a car washer and dryer, while performing other miscellaneous duties from in or around December 2017 until in or around September 2019.

122.    Plaintiff RAMON ANTONIO CONSTANZA ESTEVEZ was paid by Defendants approximately $9.00 per hour from in or around December 2017 until in or around December 2018, and approximately $12.75 per hour from in or around January 2019 until September 2019.

123.    Defendants failed to pay Plaintiff RAMON ANTONIO CONSTANZA ESTEVEZ the legally prescribed minimum wage for his hours worked from in or around November 2016 until the present, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

124.    Plaintiff RAMON ANTONIO CONSTANZA ESTEVEZ was not paid for approximately five to ten (5-10) hours worked per week at his regular rate of pay.

125.    Furthermore, Plaintiff RAMON ANTONIO CONSTANZA ESTEVEZ worked approximately twelve (12) or more hours per day, six (6) days a week from in or around December 2017 until in or around September 2019, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

126.    Plaintiff RAMON ANTONIO CONSTANZA ESTEVEZ worked approximately seventy-two (72) hours or more per week during his employment by Defendants from in or around December 2017 until in or around September 2019.

127.    Although Plaintiff RAMON ANTONIO CONSTANZA ESTEVEZ worked approximately seventy-two (72) hours or more per week during his employment by Defendants from in or around December 2017 until in or around September 2019, Defendants did not pay Plaintiff at all for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

128.    Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

129.    Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

130.    As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

131.    Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are the collective class.

132.    Collective Class: All persons who are or have been employed by the Defendants as car washers and dryers and ticket men, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.

133.    Upon information and belief, Defendants employed between 50 and 100 employees within the past three years subjected to similar payment structures.

134.    Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

135.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

136.    Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

137.    Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

138.    Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class.   There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit.   Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

139.    The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

140.    The claims of Plaintiffs are typical of the claims of the putative class.

141.    Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

142.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS

143.    Plaintiffs sue on their own behalf and as the class representatives (hereinafter referred to as the "New York Class Representative") and bring the Second Cause of Action on their own behalf and as a class action, on behalf of those similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b). The Fed. R. Civ. P. 23 Class is defined as:

> All car washers and dryers and ticket men who are currently or have been employed by the Defendants at TREMONT CAR WASH AND LUBE LLC and who worked greater than 40 hours per week (hereinafter referred to as the "New York Class") without receiving time and a half for hours over 40 each week at any time during the 6 years prior to the filing of their respective consent forms (hereinafter referred to as the "New York Class Period").

144.    The persons in the New York Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts

upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than 200 members of the New York Class during the New York Class Period.

145.   There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

    a. Whether Defendants unlawfully failed to pay overtime compensation in violation of and within the meaning of the NYLL;

    b. Whether the New York Class Representative and New York Class are nonexempt from entitlement to overtime compensation for hours worked under the pay requirement of the NYLL;

    c. Whether Defendants failed to keep accurate and complete time records for all hours worked by the New York Class Representative and the New York Class;

    d. Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

    e. The proper measure of damages sustained by the New York Class Representative and the New York Class; and

    f. Whether Defendants should be enjoined from such violations in the future.

146.   The New York Class Representative will fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. The Plaintiffs are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

147.   A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The damages sustained by individual class members are modest compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

148.   Further, the New York Class Representative and the New York Class have been equally affected by Defendants' failure to pay overtime wages. Moreover, members

of the New York Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

149.   Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class was a whole.

150.   Plaintiff's claims are typical of those of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the non-payment of overtime wages and the failure to keep adequate records. The job duties of Plaintiffs are typical of those of the class members.

151.   The New York Class Representative intends to send notice to all members of the New York Class to the extent required by Rule 23.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

152.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

153.   Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

154.   At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

155.   At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

156.   Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

157.   Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

158.   Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

159.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

160.   At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

161.   Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

162.   Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

163.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

164.   Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

165.    Defendants' violations of the FLSA as described in this Complaint have been willful and intentional.  Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

166.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

167.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

168.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

169.    Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

170.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with NY Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

171.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

172.    Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

173.   At all times relevant to this action, Plaintiffs were engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

174.   At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

175.   Defendants willfully failed to pay Plaintiffs a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.

176.   Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

177.   Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiffs' compensation.

178.   Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SIXTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

179.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

180.   At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

181.   At all times relevant to this action, Defendants were employers within the meaning of NYLL.

182.   Defendants failed to record, credit or compensate Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.

183.   Defendants also failed to pay Plaintiffs the required minimum wage, which Plaintiffs were entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## SEVENTH CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

184.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

185.    Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations.  N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4

186.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## EIGHTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

187.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

188.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

189.    Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## NINTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

190.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

191. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

192. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs unpaid overtime wages;

c. Awarding Plaintiffs unpaid wages;

d. Awarding Plaintiffs unpaid minimum wages;

e. Awarding Plaintiffs unpaid spread of hours compensation;

f. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

g. Awarding Plaintiffs prejudgment and post-judgment interest;

h. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

i. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 27th day of February 2020.

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JORGE MORALES, TORIBIO DE LA CRUZ MEJIA, FREDDY GOMEZ CASTRO,
CHRISTIAN LUGO VIERA, MARCOS GONZALEZ MARTINEZ, JORGE ALBERTO
LINARES FIGUEROA, ROLANDO GARCIA, and RAMON ANTONIO CONSTANZA
ESTEVEZ, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

TREMONT CAR WASH AND LUBE LLC, K & P CW INC., and JOHN LAGE, MICHAEL
LAGE, ALBINO COELHO, EDDIE PARK, and JI H. KIM, as individuals,

Defendants.

SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

TO:

**TREMONT CAR WASH AND LUBE
LLC
1095 EAST TREMONT AVENUE
BRONX, NEW YORK 10460**

**JOHN LAGE
1095 EAST TREMONT AVENUE
BRONX, NEW YORK 10460**

**MICHAEL LAGE
1095 EAST TREMONT AVENUE
BRONX, NEW YORK 10460**

**ALBINO COEHLO
1095 EAST TREMONT AVENUE
BRONX, NEW YORK 10460**

**EDDIE PARK
20 EMMETT STREET
NEW HYDE PARK, NEW YORK 11040**

**JI H. KIM
20 EMMETT STREET
NEW HYDE PARK, NEW YORK 11040**