UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
JORGE MORALES, TORIBIO DE LA CRUZ
MEJIA, FREDDY GOMEZ CASTRO, CHRISTIAN
LUGO VIERA, MARCOS GONZALEZ
MARTINEZ, JORGE ALBERTO LINARES
FIGUEROA, ROLANDO GARCIA, and RAMON
ANTONIO CONSTANZA ESTEVEZ, individually
and on behalf of all other similarly situated,

                Plaintiffs,

   -against-

TREMONT CAR WASH AND LUBE LLC, K & P
CW INC., and JOHN LAGE, MICHAEL LAGE,
BYOUNGHOON PARK a/k/a EDDIE PARK, and JI
HYUN KIM a/k/a ANDREW H. KIM, as individuals,

                Defendants.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

20 Civ. 01760 (GBD) (JLC)

GEORGE B. DANIELS, United States District Judge:

    Plaintiffs bring this class action lawsuit against Defendants Tremont Car Wash and Lube, LLC ("Tremont Car Wash"), John Lage ("J. Lage"), and Michael Lage ("M. Lage") (collectively, the "Tremont Defendants"), as well as K & P CW and Lube Inc. ("K&P"), Byounghoon Park ("Mr. Park") and Ji Hyun Kim ("Mr. Kim") (collectively, "K&P Defendants"). Plaintiffs assert nine claims alleging that Defendants failed to pay Plaintiffs adequate wages, overtime pay, and spread of hours in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Laws and regulations ("NYLLs"). (*See* Amended Compl. ("FAC"), ECF No. 29.) The Tremont Defendants move for summary judgment dismissing all nine claims pursuant to Federal Rule of Civil Procedure ("FRCP") 56. (Mot. for Summ. J., ECF No. 44.) The K&P Defendants move to dismiss the complaint pursuant to Rule 12(b)(5) for insufficient service. (Mot. to Dismiss, ECF

No. 64.) The Tremont Defendants' motion for summary judgment and the K&P Defendants' motion to dismiss are GRANTED.[1]

## I. FACTUAL BACKGROUND

The K&P Defendants operated a car wash as far back as 2011. (See FAC at ¶ 8.) The Tremont Defendants bought the car wash from the K&P Defendants in May 2017 and are the current owners. (See Pls.' Rule 56.1 Reply Statement, ECF No. 50, ¶ 2.) Plaintiffs are all previous or current employees of the car wash starting in 2011. (See FAC at ¶ 2.)

Plaintiffs brought this class action on February 27, 2020 with eight named Plaintiffs alleging that Defendants violated the FLSA and NYLLs. Plaintiffs alleged that from February 2014 to 2020, Defendants failed to pay Plaintiffs the applicable minimum wage, wages for actual hours worked, and overtime, as well as comply with other NYLLs requirements. (See Id. at ¶¶ 147-187.) The Tremont Defendants made an appearance and answered the complaint on May 14, 2020. On June 23, 2021, Plaintiffs filed the FAC. Discovery closed on September 17, 2021. (See Joint Status Report, ECF No. 40.) The Tremont Defendants then moved for summary judgment to dismiss all claims against them. (ECF No. 44.) In support of their motion, Defendants filed as exhibits payroll records, including wage statements issued to the Plaintiffs, and signed time sheets maintained by the employer for the period of May 2017 to present. (See ECF No. 50 at ¶¶ 6-8; Exhibit 2, ECF No 45-1 through 14.) Plaintiffs opposed the motion with accompanying affidavits from three of the eight named Plaintiffs. (See Mem. of Law in Opp. to Mot. for Summ. J., ECF No.49.)

---

[1] The K&P Defendants' motion to dismiss is granted because of insufficient service. The record, including the affidavits of service, demonstrates that Plaintiffs never attempted service on K&P, never served Mr. Kim (service was made on a female and not a male), and only *attempted* to serve the FAC on Mr. Park. Therefore, the allegations in the FAC against K&P are dismissed pursuant to Rule 12(b)(5).

2

The K&P Defendants appeared in this action to file a motion to dismiss for insufficient service. (ECF No. 64.) The Plaintiffs opposed the motion with accompanying affidavits of service. (Mem. of Law in Opp. to Mot. to Dismiss, ECF. No. 75.)

## II.   LEGAL STANDARD

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113 (2d Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material when "it 'might affect the outcome of the suit under the governing law.'" *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (quoting *Anderson*, 411 U.S. at 248).

The moving party has the initial burden of demonstrating that no genuine issue of material fact exists. *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). This may be done by presenting undisputed evidence negating Plaintiff's claim or demonstrating that there is an absence of any evidence supporting Plaintiff's claims. *See Salahuddin v. Goord*, 467 F.3d 263, 272-73 (2d Cir. 2006). In turn, to defeat a motion for summary judgment, the opposing party must raise a genuine issue of material fact. To do so, it "must do more than simply show that there is some metaphysical doubt as to the material facts," *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)), and it "may not rely on conclusory allegations or unsubstantiated speculation." *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)). "Only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment." *Porter v. Quarantillo*, 722 F.3d 94, 97 (2d Cir. 2013).

In determining whether a genuine issue of material fact exists, the court must construe the evidence in the light most favorable to the opposing party and draw all inferences in that party's favor. *See Niagara Power Corp. v. Jones Chemical Inc.*, 315 F.3d 171, 175 (2d 2003). However, "a court must not weigh the evidence, or assess the credibility of witnesses, or resolve issues of fact." *Victory v. Pataki*, 814 F.3d 47, 59 (2d Cir. 2016) (internal citations omitted).

### III.  PLAINTIFFS' FLSA CLAIMS ARE DISMISSED

The Tremont Defendants have demonstrated that no reasonable jury could return a verdict in favor of the Plaintiffs on their FLSA claims. The FAC alleges that Defendants failed to properly pay Plaintiffs a minimum wage, wages for all hours worked, and overtime wages in violation of the FLSA (Counts 1, 3, and 5) from 2014 to the present. (*See* FAC at ¶¶ 61, 68, 151, 159, 170.) The FLSA protects workers by requiring, *inter alia*, employers to pay their employees at least the applicable minimum wage, $7.25/hour, for each hour worked.[2] *See* 29 U.S.C. 206(a)(1). The FLSA also requires an employer to pay its employees an overtime pay at the rate of at least one and a half "the regular rate at which he is employed" for any hours worked in excess of forty hours in a week. 29 U.S.C. § 207 (a)(1). The Tremont Defendants have put forward payroll records, signed time sheets, and employee handbooks rebutting any claims that they have failed to comply with FLSA. This evidence supports, and Plaintiffs fail to satisfactorily rebut, that Defendants have in fact complied with the relevant federal requirements.

As to whether Defendants paid Plaintiffs the adequate minimum wage, the payroll records clearly demonstrate that the Tremont Defendants paid Plaintiffs an hourly wage of $9.35/hour starting in June 2017. (*See, e.g.*, Payroll Records, ECF No. 45-1, 1-3.) Plaintiffs do not dispute

---

[2] The NY minimum wage is not applicable in assessing Plaintiffs' federal claims. "[I]t is well settled that the FLSA does not provide wage payment or collection procedures for an employee's usual or promised wages or commissions in excess of those [minimum and overtime wages] required by the FLSA." *Gould v. Marconi Dev. Grp., LLC*, 2020 WL 2042332, at *5 (N.D.N.Y. Apr. 28, 2020) (quotations omitted).

4

that the Tremont Defendants issued these wage statements to the Plaintiffs when they were paid. None of Plaintiffs' three affidavits out of eight named plaintiffs challenge the hourly rate of pay provided in these wage statements. (*See* ECF No. 50 at ¶ 6.) Therefore, Defendants paid the adequate federal minimum wage from June 2017 to present.

As for the period preceding June 2017, the facts in the complaint only support a claim that Defendants paid below the federal minimum wage, 6.50/hour to $6.95/hour, from February 2014 to December 2016.[3] (*See, e.g.*, FAC at ¶ 60.) However, affidavits from Plaintiffs who were employed at the car wash during the relevant period state that they received tips from the Defendants during the course of their employment. (*See* Dec. of Freddy Gomez Castro, ECF No. 49-1, ¶ 26; Dec. of Jorge Morales, ECF No. 49-2, ¶ 8; Dec. of Jorge Figueroa, ECF No. 49-3, ¶ 4.) These tips purportedly ranged on average between $15-25$/day or $75/week. (*See* ECF No. 49-3 at ¶ 4.) Assuming Plaintiffs worked roughly 72 hours per week (12 hours/day for 6 days/week) as alleged, these tips averaged out to at least another $1.00/hour. This would make Plaintiffs' pay $7.50/hour in February 2014, above the minimum wage. "[T]he FLSA…permit[s] an employer to pay a tipped worker a cash wage that is lower than the statutory minimum wage, provided that the cash wage and the employee's tips, taken together, are at least equivalent to the minimum wage." *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 500 (S.D.N.Y. 2017), *aff'd*, 752 F. App'x 33 (2d Cir. 2018). The complaint does not allege that Defendants failed to comply with federal requirements for taking a tip credit. Therefore, the evidence supports finding that Defendants paid Plaintiffs an adequate federal minimum wage during the relevant time period.

Plaintiffs' claims that Defendants did not pay Plaintiffs regular wages for all hours worked or overtime wages can summarily be dismissed together. As stated above, the Tremont Defendants

---

[3] After December 2016, the FAC alleges that Defendants began paying Plaintiffs $8.45/hour.

5

present payroll records and signed time sheets in support of their motion. (ECF Nos. 45-1 through 14.) These signed records together provide evidence of the wages and overtime wages due to each Plaintiff and the amount of wages the Tremont Defendants actually paid. (*Id.*) Plaintiffs do not contend that these records are inaccurate or fail to show that the wages actually paid match the signed time sheets.[4] Plaintiffs sole evidence is self-serving affidavits stating they in fact worked more than the hours listed in the signed time sheets or wage statements. Plaintiffs do not provide any evidence or specify in their papers what amount of hours they worked and were not fully paid. This is not enough to withstand a motion for summary judgment filed after the parties have concluded discovery. Plaintiffs' affidavits, from three out of the eight named Plaintiffs, without any specific evidence are merely conclusory allegations that do nothing more than "simply show that there is some metaphysical doubt as to the material facts." *Caldarola*, 298 F.3d at 160. Thus, Plaintiffs' federal claims in counts one and three for unpaid wages and overtime pursuant to FLSA are dismissed. No claims remain in this action.[5]

---

[4] Plaintiffs make an odd argument that the records only show perfectly rounded numbers instead of the actual hours worked (e.g., 23.00 hours instead of 22.9 hours). As for regular hours, 40 hours is the cap, so any time over that automatically becomes overtime pay. As for the potential rounding of overtime hours, nothing indicates whether Defendants were rounding down in a certain instance. Therefore, Plaintiffs cannot prove whether Defendants in fact did not pay adequate overtime wages.

[5] Given the dismissal of all the FLSA claims, the Court declines to maintain supplemental jurisdiction over the NYLLs claims.

## IV. CONCLUSION

For the reasons stated above, Tremont Defendants' summary judgment motion and K&P Defendants' motion to dismiss is GRANTED. The FAC is dismissed in its entirety without prejudice. The Clerk of Court is directed to close the motions (ECF Nos. 44, 63, and 64), accordingly.

Dated: August 17, 2022
New York, New York

SO ORDERED.

_____
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE